1

2

3

IN THE UNITED STATES DISTRICT COURT

4

FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6 LAWRENCE L. CRAWFORD,                     No. C 11-05206 YGR (PR)

7        Petitioner,                        **ORDER DENYING MOTION FOR**
                                            **RECONSIDERATION**
8     vs.

9 KINGDOM OF SAUDI ARABIA,

10        Respondent.
   _____/

11

12        On October 25, 2011, Petitioner filed a document captioned "Petition for Writ of Habeas

13 Corpus," on behalf of himself and thirty-five other prisoners.  The petition was submitted using the

14 Court's prisoner habeas corpus petition form; therefore, the Clerk of the Court construed it as a

15 habeas action and docketed it as such.  (Docket No. 1.)  The Court notes that Petitioner is a frequent

16 filer in this jurisdiction as well as other jurisdictions, including those in New York, New Jersey, and

17 Illinois. (Mot. to Reopen at 4.)  In addition, Petitioner has filed numerous voluminous filings --

18 mostly handwritten documents -- in this case and in his previous cases filed in this district.  *See* Case

19 Nos. C 08-5291 MMC (PR), C 10-1105 MMC (PR), C 10-4625 SBA (PR).  For example, attached

20 to the present twelve-page petition, Petitioner filed two other documents, including a sixteen-page

21 document labeled "FORM A, Civil Rights Complaint to be Used by a *Pro Se* Prisoner Under 42

22 U.S.C. § 1983 or Under *Bivens v. Six Unknown Fed. Narcotics Agents*." (Docket Nos. 1-1, 1-2.)

23 Petitioner did not submit this second document on the Court's civil rights complaint form, instead he

24 crossed out the name of the district from which he obtained the form and wrote in: "Northern

25 District of California." (*Id.*)  Petitioner also did not complete the sections listing the names of

26 Plaintiff and Defendants, instead under each blank he wrote, "see attached sheet[,] form is

27 inadequate." (*Id.*)  He also attached eleven single-spaced handwritten pages under the section

28 "Statement of Claim(s)," which include conclusory statements and references to documents

submitted in his previous cases filed in this district, which have since been closed, as well as to cases

United States District Court
For the Northern District of California

in other jurisdictions.  For example, his first statement is: "The Plaintiff found legal issues that affect all (50) states," and he makes reference to a "memorandum of law" filed in Case no. C 10-4625 SBA (PR).  (*Id.*)  Petitioner has also attached a fourteen-page document labeled "Summons and Related Matters," and captioned as being filed in the "State of South Carolina United States District Court, Court of Appeals, State of South Carolina, Richmond County, S.C. Court of Appeals et al."  (Docket No. 1-3.)  This third document is difficult to decipher; therefore, it is unclear why it was filed in this district.  (*Id.*)

On the same date, Petitioner filed an *in forma pauperis* (IFP) application; however, he did not file a copy of his certificate of funds or his prisoner trust account statement showing transactions for the last six months.  Petitioner also filed a motion for appointment of counsel.

Also on the same date the action was filed, the Clerk notified Petitioner that his IFP application was deficient because of his failure to include a certificate of funds or prisoner trust account statement.  The Clerk's notice informed Petitioner that he must file these aforementioned documents within thirty days or his action would be dismissed.

On December 2, 2011, Petitioner filed a second IFP application as well as a copy of his certificate of funds.  However, Petitioner again failed to file his prisoner trust account statement.

On January 17, 2012, the Clerk sent a second notice informing Petitioner that his IFP application was still deficient because of his failure to include a prisoner trust account statement.  The Clerk's second notice informed Petitioner that he must file the prisoner trust account statement within thirty days or his action would be dismissed.

On February 13, 2012, Petitioner filed a letter to the Clerk indicating that he was aware that "[t]here was a question about whether or not [he] filed the 6 month prisoner account statement."  (Pet'r Feb. 13, 2012 Letter at 1.)  However, he claims that "it was filed with the San Francisco District Court."  (*Id.*)  He claims that "[i]t's obvious to me they destroyed it to create a procedural delay in filing," and he pleads "[d]o not dismiss this action on that account."  (*Id.*)  He adds, "Let the judge rule on the motion to waive this requirement."  (*Id.*)  However, no such motion to waive was attached to the letter or filed by Petitioner.  Instead, attached to that letter are hundreds of pages of exhibits that are unrelated, including, a filing in the "Court of Appeals for the 6th Circuit, For the 7th

1  Circuit, Illinois, California, New Jersey, New York, State of Sound Carolina, S.C. Court of Appeals,

2  el al." that is labeled "Cases originating from the (100) page document dated April 18, 2011."  All in

3  all, there are over three-hundred pages of attachments to this letter, but none of which include

4  Petitioner's prisoner trust account statement.

5        Also on February 13, 2012, Petitioner filed a document that is captioned on the Court's

6  electronic docket as a "Prison Trust Fund Account Statement."  (Docket No. 12.)  A closer

7  examination of this document, however, reveals that it is another copy of his certificate of funds.

8        On April 6, 2012, the Clerk sent Petitioner a third notice informing him that his IFP

9  application was still deficient because of his continued failure to file a prisoner trust account

10  statement.  The Clerk's third notice again informed Petitioner that he must file the prisoner trust

11  account statement within thirty days or his action would be dismissed.

12        On April 17, 2012, Petitioner filed a third IFP application.  However, again he did not

13  attached his prisoner trust account statement.  Instead, he included a handwritten note at the top of

14  the IFP application, stating: "This is about the 3rd time I filled this form out.  The 6 month statement

15  will follow once it returns from Headquarters."  (Apr. 17, 2012 IFP App. at 1.)  On the last page,

16  Petitioner again added another handwritten note, stating: "6 month statement will soon follow once I

17  get it back from Headquarters."  (*Id.*)

18        In an Order dated April 20, 2012, the Court denied Petitioner's motion for appointment of

19  counsel.

20        In an Order dated May 10, 2012, the Court dismissed Petitioner's action without prejudice

21  because Plaintiff did not submit his prison trust account statement within the thirty-day deadline.

22  (Docket No. 16.)  The Clerk was directed to enter judgment, terminate all pending motions, and

23  close the file.

24        Also on May 10, 2012, Petitioner filed document entitled, "Affidavit of Facts in Support of

25  Appealing the Order to Deny the Appointing of Legal Counsel," which has been construed as a

26  notice of appeal as to the Court's April 20, 2012 Order denying Petitioner's motion for appointment

27  of counsel.  (Docket No. 28.)

28        On May 21, 2012, Petitioner filed an eighteen-page document entitled, "Affidavit of Fact in

1    Support of Reopening and or Reinstating Case CV-11-05206; Motion to File Appeal In Forma

2    Pauperis; Motion for an Evidentiary Hearing and Relief from Judgment; Stay Appeal."  (Docket No.

3    24.)  Again, there are around two-hundred and seventy-five pages of attachments to this document,

4    totaling eight exhibits.  The exhibits are mostly docket sheets and filings from his pending cases in

5    New York, South Carolina, Illinois and New Jersey.

6         On July 17, 2012, the Ninth Circuit Court of Appeals issued an Order addressing Petitioner's

7    May 10, 2012 notice of appeal.  The Ninth Circuit Order states that proceedings in "shall be held in

8    abeyance pending the district court's resolution of the pending May 21, 2012 motion to reopen."

9    (July 17, 2012 Ninth Cir. Order at 1.)

10                              **DISCUSSION**

11        Once the notice of appeal is filed, the district court loses jurisdiction over the matters being

12   appealed.  *Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir.

13   2001); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001).  A notice of

14   appeal does not divest the district court of jurisdiction if at the time it was filed there was then a

15   pending motion for reconsideration, however.  *Id.*  Under Federal Rule of Appellate Procedure

16   4(a)(4)(B)(I), such a notice of appeal does not become effective, and the district court does not lose

17   jurisdiction, until the district court rules on all motions for reconsideration filed no later than ten

18   days after judgment is entered.  *Miller v. Marriott Int'l., Inc.*, 300 F.3d 1061, 1063-64 (9th Cir.

19   2002).  For this reason, the Ninth Circuit has held its proceedings in abeyance pending this Court's

20   resolution of the pending motion for reconsideration.

21        Federal Rule of Civil Procedure 60(b), which does not contain an express deadline for filing,

22   provides for reconsideration where one or more of the following is shown: (1) mistake,

23   inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence

24   could not have been discovered before the court's decision; (3) fraud by the adverse party; (4)

25   voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  *See*

26   Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Although

27   couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are

28   extraordinary.  *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.

4

1   1981).

2       Here, Petitioner has filed a motion to "have this case reopened and or reinstated pursuant to

3   Fed. Rule 60(b)(1), (3), (6)."  (Mot. to Reopen at 1.)  Thus, the grounds for reconsideration that

4   Petitioner is relying on include: (1) mistake; (2) fraud; and (6) any other reason justifying relief.

5       Petitioner alleges in his motion that he "did not file the requested statement because the

6   request and pleadings of the court contradicted and stood at variance to which the proceedings were

7   filed by the Plaintiff."  (Mot. to Reopen at 3.)  Plaintiff claims that he "filed a § 1983 action with the

8   writ of habeas corpus attached to the § 1983 . . . ."  (*Id.*)  As mentioned above, Plaintiff filed an

9   attached civil rights form with the instant habeas petition; however, he did not fill in the sections

10  indicating the names of the Plaintiff and Defendants, instead he wrote in "see attached sheet[,] form

11  is inadequate."  (Docket Nos 1-1, 1-2.)  Secondly, it was not submitted on the Court's civil rights

12  complaint form.  It was not clear from that document that Petitioner intended to file a civil rights

13  action instead of a habeas action.  Therefore, the Clerk filed the complaint as an attachment to the

14  habeas petition, and opened the case as a habeas action.  In addition, the Court notes that it is

15  improper to file two entirely different actions in one case.  The proper procedure would be for

16  Petitioner to have filed a separate civil rights action on a completed civil rights form, preferably

17  using this Court's form.

18      Plaintiff claims that he filed an "[IFP] form and a financial statement with the § 1983 action."

19  (Mot. to Reopen at 4.)  The Court notes that the Clerk filed the attached IFP application.  (Docket

20  No. 2.)  However, as explained above, that application was deficient because it did not include the

21  requisite supporting documents, including a copy of his certificate of funds or his prisoner trust

22  account statement.  Petitioner adds that "[p]rocedural rules at this juncture would not require an

23  additional [IFP] form filed independently exacting [sic] an additional fee."  (*Id.*)  Such a statement is

24  incorrect because the Court requires a separate IFP application for each civil matter.  Even if this

25  matter had been incorrectly filed as a habeas action instead of a civil rights action, Petitioner still

26  had to file a separate IFP application for this action.  If the petitioner is a "prisoner" who alleges that

27  he is unable to pay the full filing fee at the time of filing, he must submit (1) an affidavit that

28  includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1   statement (or institutional equivalent) for the prisoner for the six-month period immediately

2   preceding the filing of the action, obtained from the appropriate official of each prison at which the

3   prisoner is or was confined.  *See* 28 U.S.C.§ 1915(a)(1), (2).  Petitioner also incorrectly adds that

4   "[w]ith the writ of habeas corpus filed attached to the § 1983 action[,] [t]he fee would be $350 and

5   that fee would cover both the § 1983 and the writ of habeas corpus." (Mot. to Reopen at 4.)  Again,

6   Plaintiff's argument is unavailing.  While Plaintiff correctly states the proper filing fee for a civil

7   rights action is $350.00, such a filing fee would not cover both a civil rights action and a habeas

8   action.  The filing fee for a habeas action is $5.00.  Because the Clerk construed Petitioner's filings

9   as a habeas action, the Clerk's notices indicated that the filing fee was $5.00.  Even if Plaintiff meant

10  to file a civil rights action, the Court could not review the pleadings until Petitioner filed a

11  completed IFP application along with the requisite IFP supporting documents.  The record shows

12  that Plaintiff, who has filed numerous civil actions, understood that he had to file the necessary IFP

13  supporting documents with his IFP application.  In fact, after the Clerk issue three notices informing

14  him that his IFP application was deficient, Petitioner indicated that he was attempting to acquire a

15  copy of the necessary document to complete his IFP application -- the prisoner trust account

16  statement.  While Petitioner claimed that his prisoner trust account statement "will follow once it

17  returns from Headquarters," it never was submitted to the Court within the thirty-day deadline.

18  Petitioner admits in his motion to reopen that he "did not file the requested statement." (Mot. to

19  Reopen at 3.)  Reconsideration cannot be granted because Petitioner submits no evidence, such as

20  official documentation showing that he requested a copy of his prisoner trust account statement at

21  any time prior to the thirty-day deadline.  Even if he could supply such evidence, and demonstrate

22  that he was in fact prevented from acquiring the necessary document prior to the deadline by the

23  institution or other forces beyond his control, Petitioner offers no explanation as to why he did not

24  seek an extension of time for the deadline or otherwise communicate his predicament to the Court

25  prior the deadline expiring.  Instead, Petitioner claims that reconsideration is warranted due to

26  mistake, fraud, or any other reason justifying relief.  Such is not the case here because Petitioner

27  admits to not filing his prisoner trust account statement, he gives no reason to justify his failure to

28  file such a document, and the Clerk gave him several opportunities and extensions of time to file it.

1    It was only after Petitioner's failure to comply with the third Clerk's notice -- each notice warned

2    Petitioner that his case would be dismissed if he failed to file the requisite supporting documents --

3    that the Court dismissed this action for IFP deficiency.  Under these circumstances, the Court finds

4    no basis for granting reconsideration of the dismissal of this action.  *See Twentieth Century - Fox*

5    *Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981) (motions for reconsideration should

6    not be frequently made or freely granted).  Accordingly, Petitioner's motion for reconsideration

7    (Docket No. 24) is DENIED.

8                                            **<u>CONCLUSION</u>**

9         For the foregoing reasons, the Court finds that Plaintiff fails to allege excusable neglect,

10   mistake, inadvertence, surprise, fraud or any other "extraordinary circumstances" as a valid ground

11   for reconsideration.  Accordingly, Plaintiff's motion for reconsideration of the Court's May 10, 2012

12   Order (docket no. 24) is DENIED.

13        As the dismissal of this action was without prejudice, Petitioner is may proceed with his

14   petition in a new habeas action or with his complaint in a new civil rights action filed in this Court.

15   Petitioner must also include with his new action a completed, timely-filed IFP application.

16        Further, Petitioner is reminded that he may not proceed with a class action.  Generally, *pro se*

17   litigants are prohibited from pursuing claims on behalf of others in a representative capacity.  *See*

18   *Simon v. Hartford Life, Inc*., 546 F.3d 661, 664-65 (9th Cir. 2008); *Russell v. United States*, 308

19   F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent

20   anyone other than himself.").  In particular, *pro se* prisoners may not act as class representatives

21   because they cannot fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P.

22   23(a); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Petitioner herein is an

23   incarcerated litigant who cannot ably protect the interests of a class of similarly situated prisoners.

24   Accordingly, Petitioner and his Co-Petitioners must file separate actions raising their claims.

25        Lastly, subsequent to dismissal of the instant action and in addition to the above-referenced

26   filings, Petitioner has submitted numerous voluminous filings in this case, including unrelated

27   filings from his other pending actions in other districts involving similar class action suits.  As noted

28   above, Petitioner may not bring claims on behalf of others.  Accordingly, no further filings will be

1    accepted in this action on behalf Petitioner or on behalf of any such individual(s), and *the Clerk is*

2    *hereby directed henceforth to return to the sender any such document(s).*

3          The Clerk shall send a copy of this Order to the parties and to the Ninth Circuit.

4          This Order terminates Docket No. 24.

5          IT IS SO ORDERED.

6

7    DATED:  August 22, 2012

                               YVONNE GONZALEZ ROGERS
                               UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California