1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    LAWRENCE L. CRAWFORD,                     No. C 11-05206 YGR (PR)

4              Petitioner,                     **ORDER DENYING CERTIFICATE OF
                                               APPEALABILITY**
5
     vs.
6
     THE KINGDOM OF SAUDI ARABIA,
7

8              Respondent.
                                          /
9

10         On October 25, 2011, Petitioner filed a document captioned "Petition for Writ of Habeas

11   Corpus," on behalf of himself and thirty-five other prisoners.  The petition was submitted using the

12   Court's prisoner habeas corpus petition form; therefore, the Clerk of the Court construed it as a

13   habeas action and docketed it as such.

14         On the same date, Petitioner filed an *in forma pauperis* (IFP) application; however, he did

15   not include the required documentation in support of his IFP application.  Petitioner also filed a

16   motion for appointment of counsel.

17         In an Order dated April 20, 2012, the Court denied Petitioner's motion for appointment of

18   counsel.

19         On May 10, 2012, Petitioner filed document entitled, "Affidavit of Facts in Support of

20   Appealing the Order to Deny the Appointing of Legal Counsel," which has been construed as a

21   notice of appeal as to the Court's April 20, 2012 Order denying Petitioner's motion for appointment

22   of counsel.

23         In an Order dated May 10, 2012, the Court dismissed  without prejudice Petitioner's action

24   for IFP deficiency.  (Docket No. 16.)  Specifically, the IFP application was deficient because

25   Plaintiff did not submit his prison trust account statement by the required deadline.  The Clerk was

26   directed to enter judgment, terminate all pending motions, and close the file.  Thereafter, Petitioner

27   filed a motion for reconsideration of the Court's May 10, 2012 Order.

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    In an Order dated August 30, 2012, the Ninth Circuit Court of Appeals noted a previous

2  order had been issued on July 17, 2012 "staying proceedings pending disposition of the motion for

3  reconsideration in the district court."  (Ninth Circuit Aug. 30, 2012 Order at 1.)  The Ninth Circuit

4  further noted that on August 22, 2012, the district court denied the motion for reconsideration.  (*Id.*)

5  Thus, the stay order filed on July 17, 2012 was lifted.  (*Id.*)  Finally, the Ninth Circuit pointed out

6  that the district court had "not issued or declined to issue a certificate of appealability in this

7  appeal . . . ."  (*Id.*)  Therefore, the Ninth Circuit remanded the case to the district court "for the

8  limited purpose of granting or denying a [COA] at the court's earliest convenience."  (*Id.*)

9    A petitioner may not appeal a final order in a federal habeas corpus proceeding without first

10  obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal).

11  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall grant a certificate of appealability

12  "only if the applicant has made a substantial showing of the denial of a constitutional right."  28

13  U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard.  *See id.*

14  § 2253(c)(3).

15    "Where a district court has rejected the constitutional claims on the merits, the showing

16  required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable

17  jurists would find the district court's assessment of the constitutional claims debatable or wrong."

18  *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).  In this case, however, the dismissal was on a

19  question antecedent to the merits.

20    Although section 2253(c)(1) also applies to non-merits decisions such as the ruling in this

21  case, the application to such dismissals is somewhat more complex.  *See Slack*, 120 S. Ct. at 1603.

22  "Determining whether a COA should issue where the petition was dismissed on procedural grounds

23  has two components, one directed at the underlying constitutional claims and one directed at the

24  district court's procedural holding."  *Id.*  "When the district court denies a habeas petition on

25  procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

26  issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the

27  petition states a valid claim of the denial of a constitutional right and that jurists of reason would

28

1    find it debatable whether the district court was correct in its procedural ruling." *Id.*  As each of these

2    components is a "threshold inquiry," the federal court "may find that it can dispose of the application

3    in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent

4    from the record and arguments." *Id.*  Supreme Court jurisprudence "allows and encourages" federal

5    courts to first resolve the procedural issue, as was done here.  *See id.*

6            The petition was dismissed because Petitioner had not paid the filing fee or provided the

7    proper documentation in support of his IFP application, even after being warned three times that

8    dismissal would result from his failure to do so.  Because jurists of reason would not find the Court's

9    conclusion debatable or wrong, a COA is DENIED.

10           The Clerk shall send a copy of this Order to the parties and to the Ninth Circuit.

11           IT IS SO ORDERED.

12

13   Dated: September 5, 2012 _____          _____

                                            **YVONNE GONZALEZ ROGERS**
                                            **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
For the Northern District of California

G:\PRO-SE\YGR\HC.11\Crawford5206.denyCOA.wpd          3